IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN H. MEDVED, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-775 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| THE COUNTY OF WESTMORELAND, | ) | |
| *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

Before this Court is parties' consent motion to compel non-party White Deer Run, Inc. ("White Deer") to release records relating to Plaintiff's treatment at its facility. Plaintiff has provided a release for these records; however, White Deer has refused to produce them, citing to 71 P.S. § 1690.108, which precludes the release of records of drug and alcohol treatment, except in limited circumstances.

It is well established under Pennsylvania law that the statutory privilege relating to confidentiality of records created by 71 P.S. § 1690.108 is waived by the filing of a law suit that puts such records at issue – provided that said records pertain to treatment undergone by Plaintiff. Kraus v. Taylor, 710 A.2d 1142, 1146 (Pa. Super. Ct. 1998), *allocator* granted 727 A.2d 1109 (Pa. 1999), *allocatur* dismissed as improvidently granted, 743 A.2d 451 (Pa. 2000). Waiver of medical privilege in such circumstances is recognized by the federal courts, as well. See, e.g., O'Boyle v. Jensen, 150 F.R.D. 519, 521-22 (M.D. Pa. 1993) ("It has long been established that the privilege of confidentiality in medical records 'evaporates' when the patient brings a personal injury action which calls into question his physical or mental condition") (internal citations omitted). Given that: (1) Plaintiff himself filed the instant lawsuit putting his

physical and mental condition at issue; and (2) according to the motion *sub judice*, Plaintiff has consented to the release of the requested records, see (Doc. 26 ¶ 5), it is clear that any privilege with respect to these document has been waived.[1]  Accordingly, the following order is entered.

AND NOW, this 15th day of December, 2011,

IT IS HEREBY ORDERED that White Deer Run, Inc., shall comply with the properly executed authorizations for release of information and produce all records that it has regarding the Plaintiff, John H. Medved.

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] Indeed, White Deer's position is nothing short of baffling, as the law on this issue was explained to them in great detail in 2009 by Chief Judge Kane of the Middle District of Pennsylvania.  See Megonnell v. Infotech Solutions, Inc., No. 1:07-cv-02339, 2009 WL 3857456 (M.D. Pa. Nov. 18, 2009) (granting a protective order to White Deer in a situation where the records sought related to an individual who was not a party to that suit, and who had not consented to disclosure).